*161 OPINION OF THE COURT
Michael J. Miller, J.
The facts in this case are largely undisputed. Police were summoned to 131 Masseth Street, Rochester, New York, to answer a domestic dispute call. The call was made by complainant, the sister of respondent. She lived in a separate upstairs apartment at the Masseth Street address with her son, while her brother, the respondent, lived in the downstairs apartment with his mother.
On the date of the incident, February 25, 1995, the complainant left her apartment and went to the downstairs apartment where her brother lived. There were several people in the apartment including her brother’s girlfriend. Complainant told the girlfriend that respondent had been "cheating on her.” Thereupon a heated argument ensued between respondent and his sister culminating in his striking her in the face. She then called 911 and two police officers responded.
When the police arrived, the confrontation had ended. The complainant had gone back to her apartment and her brother remained in his apartment. The officers went to the upstairs apartment and interviewed the complainant who told them what had happened. She asked the police not to arrest her brother but rather to speak with him and to "scare him.” The police were also informed that respondent was under 16 years of age.
The police officers then went to the downstairs apartment and found the respondent sitting quietly in a chair. They tried to speak with him, but he remained silent and refused to respond to their questions. The officers then demanded that respondent accompany them outside. He refused to move and the officers forcibly pulled him from his chair. At this point, respondent declared, "I’m not going anywhere with you” and began to actively resist. The officers quickly subdued him by wrestling him to the floor and spraying him with capstun. He was then placed under arrest and charged with obstructing governmental administration.
At trial, the officers stated that they had no intention of arresting the respondent when they went downstairs to speak with him. They knew he was a juvenile and at most the striking of his sister which caused no visible injury constituted the offense of harassment. Harassment is not a crime but rather a violation for which a juvenile cannot be arrested. (See, Family Ct Act § 305.2 [2].)
*162 The contention of the presentment agency is, however, that the police officers were performing an official government function by mediating a domestic dispute and were following Rochester Police Department procedures by attempting to remove the respondent from the residence to defuse the situation. Mediation of domestic disputes is a proper police function. "Among other functions, the police in a democratic society are charged with * * * the mediation of domestic and other noncriminal conflicts.” (People v De Bour, 40 NY2d 210, 218.)
Conceding that the police were exercising a proper governmental function, the issue to be decided is how far the police may go in mediating a domestic conflict before the rights of a citizen to be secure in his home are infringed. Although counsel have submitted extensive memorandum, there appears to be no precedent directly on point.
In deciding this question, the court is mindful of the risk police officers take in responding to domestic violence calls. It is in fact the primary cause of injuries to officers, and they must take all reasonable precautions to prevent injury to themselves or others. In addition, recent legislation amending article 8 of the Family Court Act and sections of the Penal Law have mandated more aggressive response by police to domestic violence incidents.
However, any police action must meet a test of reasonableness which hinges on the manner and intensity of their actions given all the circumstances surrounding the incident. (See, People v Ingle, 36 NY2d 413; Terry v Ohio, 392 US 1; People v De Bour, 40 NY2d 210, supra; People v La Pene, 40 NY2d 210.)
In the instant case, the police attempted to remove the respondent from the house after he refused to respond to their questions. The evidence is overwhelming that this action was not a reasonable exercise of police authority. It was clear that at the time the police arrived the dispute had ended so there was no need to defuse the situation. There were no injuries, the complainant did not want the respondent arrested, there were no weapons involved, there was no continuing threat to the complainant nor threat to the police officers, the complainant and respondent were in separate apartments, and there was no independent basis for police to arrest the respondent or pursue their investigation. The refusal of the respondent to cooperate with the police still left the police with the alterna *163 tive of warning the respondent about future incidents and informing the complainant of her right to seek an order of protection from Family Court. The respondent had no duty to answer questions and the police had no authority to demand that he leave his home with them. Given the totality of the circumstances involved here, respondent’s resistance to efforts to remove him from his home did not constitute obstruction of governmental administration but rather was a course of action he could legitimately pursue.
The petition is therefore dismissed.